**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JEAN MICHEL LETENNIER, RENEE HITCHCOCK, *individually and d/b/a Dazzling Cleaning Company*; EDWARD ARMON,

Plaintiffs,

v.

DELAWARE COUNTY, et al.,

Defendants.

No. 3:26-CV-00765 (BKS/PJE)

---

**APPEARANCES:** **OF COUNSEL**:

Jean Michel LeTennier
P.O. Box 569
Unadilla, New York 13849
Plaintiff pro se

Renee Hitchcock
1580 State Highway 357
Unadilla, New York 13849
Plaintiff pro se

Edward Armon
1580 State Highway 357
Unadilla, New York 13849
Plaintiff pro se

Hancock Estabrook, LLP — ROBERT C. WHITAKER, ESQ.
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Attorneys for Delaware County Defendants

Hinshaw & Culbertson LLP — ELLIS M. OSTER, ESQ.
800 Third Avenue, 13th Floor
New York, New York 10022
Attorneys for Deutsche Bank

Office of the Attorney General,
State of New York
300 South State Street, Suite 300
Syracuse, New York 13202
Attorneys for Judges Lambert, Burns,
Northup, McCann; Trooper King;
New York State Police

PATRICK R. BLOOD, ESQ.

Wilson, Elser Law Firm
200 Great Oaks Boulevard, Suite 228
Albany, New York 12203
Attorneys for Eviction Enterprises LLC

KADEEM OKOYE WOLLIASTON, ESQ.

## DECISION & ORDER

### I. **Background**

Presently pending before the undersigned is plaintiffs' motion to (1) disqualify counsel for defendant Deutsche Bank National Trust Company ("Deutsche Bank"), (2) strike Deutsche Bank's Motion to Dismiss, dkt. no. 54, "and all other filings made by said counsel"; (3) stay all proceedings relating to Deutsche Bank "pending resolution of this Motion and an evidentiary hearing on [Deutsche Bank]'s capacity and counsel's authority"; and (4) "refer counsel and [Deutsche Bank] for criminal investigation." Dkt. No. 59-1 at 19, Dkt. No. 59 at 3; Dkt. No. 60. Defendant Deutsche Bank responded in opposition. *See* Dkt. No. 83. Plaintiffs replied. *See* Dkt. No. 86.

### II. **Legal Standard**

> Generally, disqualification motions are disfavored, as they 'are often interposed for tactical reasons, and . . . even when made in the best of faith, such motions inevitably cause delay.'" *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 281 (S.D.N.Y. 2011) (citing Evans v. Artek Sys. Corp., 715 F.2d 788, 791-92 (2d Cir. 1983)). "Accordingly, such motions are 'subjected to a high standard of proof.'" *Id.* (citing *Merck Eprova AG v. ProThera, Inc.*, 670 F. Supp. 2d 201, 207 (S.D.N.Y. 2009)).

*Pagan v. C.I. Lobster Corp.*, 549 F. Supp. 3d 356, 359 (S.D.N.Y. 2021). Moreover,

> "Motions to disqualify opposing counsel are viewed with disfavor [principally because] disqualification of counsel impinges on a party's right to employ counsel of choice. Moreover, the courts recognize that motions to disqualify are often interposed for tactical reasons. Courts require the party seeking disqualification of opposing counsel to meet a high standard of proof before disqualification may be granted."

*Raghavendra v. Trs. of Columbia Univ.*, No. 06 CIV 6841 PAC/HBP, 2007 WL 9818916, at *1 (S.D.N.Y. Sept. 28, 2007) (quoting *A.I. Credit Corp. v. Providence Washington Ins. Co., Inc.*, 96 Civ. 7955 (AGS) (AJP), 1997 WL 231127, at *1-2 (S.D.N.Y. May 7, 1997));[1] see also *Scantek Med., Inc. v. Sabella*, 693 F. Supp. 2d 235, 238 (S.D.N.Y. 2008) (citing *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 792 (2d Cir. 1983)).

Although any doubts are to be resolved in favor of disqualification, *see Cheng v. GAF Corp.*, 631 F.2d 1052, 1059 (2d Cir.1980), *vacated on other grounds and remanded*, 450 U.S. 903 (1981), the party seeking disqualification bears a "heavy burden" of demonstrating that disqualification is warranted. *See Evans v. Artek*, 715 F.2d 788, 794 (2d Cir.1983) (citing *Government of India v. Cook Indus. Inc.*, 569 F.2d 737, 739 (2d Cir.1978)). "'Mere speculations will not suffice.'" *A.I. Credit Corp.*, 1997 WL 231127, at *2 (quoting *Paretti v. Cavalier Label Co.*, 722 F. Supp. 985, 987 (S.D.N.Y. 1989)). Whether to disqualify counsel "is a matter committed to the sound discretion of the district court." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).

## III. **Arguments**[2]

Plaintiffs contend, before this Court can decide defendants' Motion to Dismiss, it must determine whether Deutsche Bank (1) "[h]as legal capacity to

[1] Unless noted otherwise, the Court has provided plaintiffs pro se with copies of the unpublished cases cited herein.

[2] The Court's citation to the parties' briefing is to the pagination generated by the Court's electronic filing system, located at the header of each page.

appear," (2) "[h]as standing under Article III[,]" (3) "[h]as authority under the governing PSA," and (4) "[h]as authorized counsel to act on its behalf." Dkt. No. 59-2 at 3. They argue that counsel has produced no evidence that:

> "1. The Trust still exists; 2. [Deutsche Bank] remains the trustee; 3. The Trust authorized litigation; 4. The loan was ever conveyed to the Trust; 5. [Deutsche Bank] possesses the original note; 6. Plaintiffs aver their motion to disqualify "is not an attempt to relitigate the state foreclosure action but to litigate severe violations of the Bill of Rights enumerated in the U.S. Constitution. It is a request that this Court enforce its own jurisdictional requirements and ethical rules governing attorney conduct. "

*Id.* at 4. Yet, plaintiffs spend the majority of their motion discussing their viewpoint that Deutsche Bank does not exist and, thus, by counsel appearing on their behalf, they violate Fed. R. Civ. P. 11(b), New York Rule of Professional Conduct Rules 1.16 and 3.3.

Deutsche Bank argues that plaintiffs proffer no "legally cognizable basis for disqualification" as plaintiffs do not "allege a former client conflict, concurrent client conflict, misuse of confidential information, attorney-witness issue, divided loyalty, or any other circumstance implicating the rules governing attorney conduct." Dkt. No. 83 at 5. Deutsche Bank contends that plaintiff's arguments regarding it lacking "standing, capacity, authority, or ownership rights relating to the Mortgage loan" which, even if proven correct, fails to provide a basis to disqualify counsel. *Id.* at 5-6. Deutsche Bank argues that plaintiffs are improperly attempting to shift the burden to defendants. *See id.* at 11. Further, Deutsche Bank argues that plaintiffs are improperly seeking, through this motion, for this Court to "effectively review and reject the State Court's prior determinations" and such request "is barred by the *Rooker-Feldman* doctrine." *Id.* at 13.

Deutsche Bank further argues, to the extent plaintiffs move for sanctions, their request is "procedurally defective and meritless" as Rule 11 requires a sanctions motion to be made separately and served 21 days before filing. Fed. R. Civ. P. 11()(2)[,]" and plaintiffs "did not comply with that requirement." Dkt. No. 83 at 16.

Plaintiffs again attempt to assure the Court, in reply, that they are not seeking the Court to rule on the merits of matters underlying their complaint, and that they are asking defense counsel to prove to the Court he has the "authority" to represent Deutsche Bank. *See* Dkt. No. 86. Plaintiffs repeatedly state that Deutsche Bank has not identified "the individual who trained counsel," "the individual who authorized findings[,]" "the source of the attorney-client relationship," and "the authority under which litigation is being conducted." *Id.* at 9-10.

IV. **Analysis**

The Court is unaware of, nor do plaintiffs present, any authority to support their argument that, when questioned by a party to the case, the Court must confirm who retained counsel, under what authority, and the circumstances surrounding retention. The general authority vested in federal courts to regulate and manage litigation does not mean this Court is required to direct counsel to prove the circumstances surrounding their retention when there is no valid doubt beyond a plaintiff's speculation. Plaintiffs' citations to the New York Rules of Professional Conduct[3] does not change the outcome. Plaintiffs' bases for their arguments that defense counsel violated these rules is inseparable from the theories that underlie this case – that Deutsche Bank does not

[3] "[T]he Second Circuit is guided, although not bound, by the New York Code of Professional Responsibility." *United States v. Locascio*, 357 F.Supp.2d 536, 553 (E.D.N.Y. 2004).

exist and, therefore, does not have standing to defend this action or hire counsel for such purposes. Yet, plaintiffs' argument is but a theory[4] and not the proper subject of this motion. Thus, it cannot be said that plaintiffs have demonstrated "'a clear violation of the Rules of Professional Conduct that leads to a 'significant risk of trial taint[.]'" *Pierce & Weiss, LLP v. Subrogation Partners LLC*, 701 F. Supp. 2d 245, 251 (E.D.N.Y. 2010) (quoting *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir.1981)).

Plaintiffs have failed to meet the "very high burden" of demonstrating that disqualification of defense counsel is warranted. It is clear to the Court that plaintiffs' motion is made in bad faith and has been done with tactical reasons in mind. *Gabazyzadeh v. Taylor*, 639 F.Supp.2d 298, 300-01 (E.D.N.Y.2009) ("[I]t is well-established that motions to disqualify opposing counsel are viewed with disfavor in this Circuit because they are often interposed for tactical reasons and result in unnecessary delay." (internal quotation marks and citations omitted). Although plaintiffs are pro se, at least plaintiff LeTennier is well-versed in litigation on this issue. Indeed, LeTennier attempted the identical approach when seeking to disqualify counsel in two bankruptcy proceedings which were rejected, rejections which informed them that such a motion in this action would be patently meritless and futile. *See In re Letennier*, No. 25-60387-6-PGR, 2025 WL 2798184, at *3 (Bankr. N.D.N.Y. Sept. 29, 2025).[5] Yet, plaintiffs again move to disqualify counsel in this proceeding upon the same flawed theory. Accordingly, it can be safely presumed that the purpose of this motion is tactical in nature and/or meant to harass defendant. As plaintiffs have failed to meet their high

[4] Indeed, a theory the state court rejected.
[5] As plaintiff LeTennier was a party in this proceeding, the Court does not provide a copy of this decision.

burden of proof by proffering any valid basis for disqualification of Deutsche Bank's counsel, such motion is denied.

Insofar as plaintiffs seek this Court to refer Deutsche Bank for criminal investigations, not only is this request based on the theory underlying their complaint, an issue yet to be litigated before this Court, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Nor can this Court compel, sua sponte or at the direction of a party to lawsuit, law enforcement entities to commence a criminal investigation as they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

## V. **Conclusion**[6]

Wherefore, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiffs' motion to disqualify counsel, strike Deutsche Bank's Motion to Dismiss "and all other filings made by said counsel," and hold "an evidentiary hearing on [Deutsche Bank]'s capacity and counsel's authority" is **DENIED**. *See* Dkt. No. 59; and it is further

**ORDERED**, that plaintiff's request for a stay pending the holding of an evidentiary hearing and a determination on this motion, Dkt. No. 59, is **DENIED as MOOT**; and it is

[6] Upon finding that plaintiffs moved to disqualify counsel in bad faith, the Court can issue sanctions against plaintiffs. The Court will decline to do so at this time, instead, issuing plaintiffs a clear warning that if plaintiffs engage in frivolous or harassing filings in the future, sanctions may be deemed appropriate. Plaintiffs are advised that, when presenting an argument to the Court, they are certifying that they have raised that argument for a proper purpose and performed "an inquiry reasonable under the circumstances" as to the validity of that position. *See* FED. R. CIV. P. 11(b).

**ORDERED**, that the Clerk serve this Decision & Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 25, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge